IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORIS DEKOVEN, individually and on behalf of others similarly-situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 05 C 3462 ) |
| PLAZA ASSOCIATES, | ) HONORABLE DAVID H. COAR ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Doris DeKoven, individually and on behalf of others similarly-situated, is suing Plaza Associates, for allegedly violating the Federal Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* (the "FDCPA") by making false, deceptive or misleading statements in settlement offer letters. Before this court is Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND**

As to a Rule 12(c) motion for judgement on the pleadings, a court accepts the non-movant's factual allegations as true and draws all reasonable inferences in their favor. *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

Doris DeKoven, the Plaintiff, is an Illinois resident who held delinquent consumer debt from Card Management Services Spiegels ("Spiegels"). Plaza Associates, the Defendant, a New York company, is a debt collector that attempted to collect Plaintiff's debt owed to Spiegels.

Plaintiff received a letter dated October 7, 2004 from Defendant stating that it was authorized to offer her the opportunity to settle an existing debt account for sixty-five percent of the balance due Spiegels and that the offer would be valid for thirty-five days from the date of the letter. Plaintiff subsequently received an identical letter dated October 8, 2004 stating the exact same offer.

Plaintiff alleges that by making the second offer, the first offer was necessarily false. Moreover, Plaintiff alleges that Defendant and its client, Spiegels, are virtually always ready to settle delinquent debts for sixty-five percent of the actual amount owed or less.[1] Thus, because they are always ready to settle for sixty-five percent of the full amount due and because it issued an offer that would be valid thirty-five days after it had already issued the exact same offer with the thirty-five day window of acceptance, it is alleged that Defendant made false, deceptive or misleading statements in a collection letter in violation of 15 U.S.C. §1692(e); such violation making Defendant liable under 15 U.S.C. §1692(k).

**STANDARD OF REVIEW**

Rule 12(c) motions for judgement on the pleadings are reviewed under the same standards as Rule 12(b)(6) motions to dismiss. *N. Indiana Gun and Outdoor Shows, Inc. v. City of S. Bend*, 166 F.3d 449, 452 (7th Cir. 1998). Rule 12(c) motions are granted "only when it appears beyond a doubt that the plaintiff[s] cannot prove any facts to support a claim for relief and the moving

---

[1] It is asserted in the Plaintiff's separate motion for class certification but not in the actual complaint that based upon discovery production, Defendant was authorized to settle for 60% of the actual debt instead of 65%, and that it is reasonable to infer Defendant could have settled for even less upon further consultation with the creditor. Despite not being alleged in the complaint, the Court will accept this allegation as true without treating the Defendant's motion as a motion for summary judgement because 1) the standard of review is higher on a motion for judgment on the pleadings and 2) it would not change the outcome of this opinion anyway.

party demonstrates that there are no material issues of fact to be resolved." *Brunt v. Serv. Employees Intern. Union*, 284 F.3d 715, 718-19 (7th Cir. 2002). Plaintiff has attached the two collection letters as Exhibits A and B to the complaint, therefore they may be considered in ruling on Defendant's motion. *See Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir.2004).

**DISCUSSION**

Title 15 U.S.C. §1692(e) prohibits debt collectors from using any false, deceptive or misleading representations or means in connection with the collection of any debt. The FDCPA specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692(e)(10). In determining whether a debt collector's practices have violated the FDCPA, courts apply the standard of the "unsophisticated debtor." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2002). The unsophisticated debtor "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Id*. The unsophisticated debtor standard is an objective standard; thus "unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters" and the interpretation of the "least sophisticated debtor" are to be rejected. *Id*. Finally, in clear cases a trial court may determine from reading the letter alone if an unsophisticated debtor would find the language false, misleading or deceptive. *Taylor v. Calvary Inv., L.L.C.*, 365 F.3d 572, 574-5 (7th Cir. 2004).

The only issue of fact here is whether the language of the two settlement offer letters contained any false, deceptive or misleading statements. Plaintiff has not alleged that she or any

other debtor was confused by the letters or that a subsequent letter overshadowed a previous letter. Here, both offer letters read as follows in relevant part:

**A SETTLEMENT OFFER**

Please be advised that we are a professional collection agency.
We have been authorized to offer you the opportunity to settle this account with a lump sum payment for 65% of the above balance due, which is equal to $2,459.22.
This offer will be valid for a period of thirty-five (35) days from the date of this letter.
If you have any questions regarding this offer, please call this office at the number(s) provided above.

Complaint, Exhibits A and B. Plaintiff alleges in her complaint that the letters were false because they limited the offer to thirty-five days, when in reality, the Defendant virtually always settle debts at anytime. Also, Plaintiff alleges that by sending a second offer, the Defendants prove that the first offer was false.

It is true that each letter here states a specific time period within which the offer could be accepted. However, Plaintiff's allegations that Defendant violated the FDCPA make sense only if the first letter created a final take-it-or-leave-it maximum discounted offer, which was false because a) the Defendant and Spiegels settle debts at any time and for amounts less than 65% of the full amount due, and b) a second offer was issued that negated the terms of the first offer. If the language used in the first letter could not be construed by an unsophisticated debtor as a one-time-only best discount offer, then it could not be deemed false, misleading or deceptive. *See Gully v. Van Ru Credit Corp.*, 381 F.Supp.2d 766, 771 (N.D.Ill. 2005) (surveying cases).

The offers state: "This offer will be valid for a period of thirty-five (35) days from the date of this letter." That statement does not constitute a one-time, take-it-or-leave-it offer. Although it obviously limits the acceptance period to thirty-five days, the statement does not contain any reference as to whether or not other offers would be made in the future. There is

nothing either explicit or implicit in that language which would lead an unsophisticated reader to believe that the stated offer was the only offer available. In fact, by utilizing the demonstrative adjective "this" before the word "offer," the author actually implies other offers exist.

Similarly, the statement "We have been authorized to offer you the opportunity to settle this account with a lump sum payment for 65% of the above balance due, which is equal to $2,459.22." does not communicate to the reader that the Defendant was only authorized to discount up to 35% or that the Defendant would be unwilling to ever settle for more than the 35% discount. Nothing in that sentence limits the phrases "we have been authorized" or "for 65%." Had the offer included the phrase "for not less than 65%" or displayed a limiting word like "only," this court would be willing to accept the argument that an unsophisticated debtor would read it and think that Defendant could not make a settlement offer of less than 65% of the full amount due.

Nor did the offer language here convey a sense of urgency and finality. This is not like the offer made in *Goswami v. American Collections Enter., Inc.*, which stated in relevant part: "*only* within the next thirty days will our client agree to settle your outstanding balance..." 377 F.3d 488, 495 (5th Cir. 2004) (emphasis added). There, the word "only" modified the phrase "within the next thirty days." Nor is this offer like the offer made in *Miller v. Ocwen Fed. Bank*, which the court found capable of imputing upon an unsophisticated debtor that it was the one and only offer available because it directed the debtor to act immediately by using the phrase "If you act NOW." No. 05 C 0308 (N.D.Ill. 2005) (Docket No. 31).

Plaintiff states in her complaint that "Defendant falsely stated in its two form collection letters... that for a limited time, it was authorized to make a settlement offer to Plaintiff to resolve

her debt for 65% of the balance." Nothing in the language of either letter ever suggested that the Defendant's authority to make a settlement offer was limited in duration or that it was not authorized to offer a greater discount. Only the offer itself was limited in duration. The Defendant's reference to its authority to make an offer and the reference to the thirty-five day limit do not even occur in the same paragraphs of the letters. Thus, the offer here could not be construed as a one-time final offer by an unsophisticated debtor.

Therefore, taking the allegations that Defendant and Spiegels routinely settle debts at any time regardless of duration of the debt and for more than a 35% discount as true, those facts do not make the offer false. Since this court does not agree that the average unsophisticated debtor would understand Defendant's offer to be the only and most-discounted offer ever available, the offer cannot be deemed a false statement for purposes of §1692(e).

Plaintiff next argues that the second letter in and of itself proves the first to be false. Plaintiff offers no explanation as to why this is so. This court assumes that the Plaintiff is alleging that because the second letter issued forth an acceptance period of thirty-five days, it thereby misrepresented the acceptance period issued forth in the first letter. Thus, the argument is that under 1692(e), a debt collector who makes an offer of limited duration cannot make another offer until the first offer's acceptance period runs out without the first offer being deemed false. There is no precedent for such a position. Indeed, recent cases counsel against such an interpretation under the FDCPA. *See Gully*, 381 F.Supp.2d 766; *see also Headen v. Assets Acceptance, LLC*, 383 F.Supp.2d 1097, 1103 (S.D.Ind. 2005).

In *Gully*, the court explained that the purpose of the FDCPA is to protect debtors from abusive collection practices that tend to disrupt their lives. 381 F.Supp.2d at 767 (*quoting Pettit*,

211 F.3d at 1059). In this case, if the second offer rendered the first offer deceptive then it must have done so by giving the Plaintiff a new thirty-five day window within which to accept the settlement offer. Giving a debtor an extra day to accept the opportunity to settle a debt can hardly be characterized as an abusive or disruptive practice that the FDCPA was intended to eliminate.

Holding that a settlement offer set to expire within a specific time period becomes false or deceptive if the debt collector offers to settle again within the time period originally specified, would discourage debt collectors from setting time periods at all, thereby limiting them to making one-time best offers. *See Gully*, 381 F.Supp.2d at 772. The FDCPA does not mandate debt collectors to make the best possible offers to debtors to make any offers at all, it simply forces debt collectors to refrain from using false, deceptive or misleading practices.

This court agrees with the *Gully* and *Headen* courts that an offer that includes a proposed discount and a specific acceptance period, but does not include any indication that it is the only offer that will be made cannot be construed as a one-time, take-it-or-leave-it offer by an unsophisticated debtor. Furthermore, because an unsophisticated debtor could not interpret the first offer to be the one, the only or the best offer ever to be available, this court finds that the second offer could not render the first offer false by its terms.

**CONCLUSION**

For the above stated reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

Dated: **09/29/06**